ORIGINAL

# In the United States Court of Federal Claims

No. 17-828C (Pro Se)
(Filed: June 26, 2017 | Not for Publication)

| | |
|---|---|
| DEREK N. JARVIS, ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES OF AMERICA, ) ) Defendant. ) ) | Keywords: Pro Se Complaint; Freedom of Information Act; Equitable Relief. **FILED** JUN 2 6 2017 U.S. COURT OF FEDERAL CLAIMS |

## OPINION AND ORDER

**KAPLAN, Judge.**

      On June 19, 2017, pro se plaintiff Derek Jarvis filed a "Complaint for Injunctive Relief." Docket No. 1. In it, Mr. Jarvis states that "[t]his is an action under the FREEDOM OF INFORMATION ACT, 5 U.S.C. 552, for Injunctive and other appropriate relief." Compl. ¶ 1. He asserts that the Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Id. ¶ 2. Mr. Jarvis alleges that he submitted a Freedom of Information Act request to the United States Social Security Administration for certain records, but that the government has not provided those records. Id. ¶¶ 3–4. He therefore seeks an order directing the government "to disclose the requested record(s) in their entiret[y]." Id. at 3.

      Although the government has not yet answered the complaint, the Court may raise subject matter jurisdiction sua sponte at any time. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (noting that an objection to federal court subject matter jurisdiction may be raised by a court on its own initiative at any stage in the litigation). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the Court of Federal Claims; see also Arbaugh, 546 U.S. at 506–07, 514 (stating that "courts . . . have an independent obligation to determine whether subject matter exists, even in the absence of a challenge from any party"). Here, because it is clear from the face of the complaint that the Court lacks subject matter jurisdiction, the Court **DISMISSES** the complaint without prejudice.[1]

---

[1] Plaintiff has also filed a motion for leave to proceed in forma pauperis. Docket No. 4. That motion is hereby **GRANTED** solely for purposes of dismissing the complaint.

The Court of Federal Claims does not have jurisdiction over claims based upon the Freedom of Information Act. See Snowton v. United States, 216 F. App'x 981, 983 (Fed. Cir. 2007). In fact, the provision of the Freedom of Information Act cited by Mr. Jarvis, 5 U.S.C. § 552(a)(4)(B), gives the United States District Courts exclusive jurisdiction over such claims. ("On complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records . . . ."). Additionally, Mr. Jarvis seeks independent equitable relief, in the form of an injunction, and the Court does not have "independent jurisdiction over . . . claims for equitable relief." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). Finally, Mr. Jarvis's reference to 28 U.S.C. § 1331 has no bearing on the Court's jurisdiction, as that statute provides for federal question jurisdiction in the district courts. Accordingly, because the Court plainly lacks jurisdiction over Mr. Jarvis's complaint, the Court hereby **DISMISSES** the same without prejudice and the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge

---

[2] The Court further determines that because previous courts have noted Mr. Jarvis's "pattern of filing frivolous lawsuits . . . and vexatious filings within those suits," it is not in the interest of justice to transfer Mr. Jarvis's action to any other court pursuant to 28 U.S.C. § 1631. E.g., Jarvis v. Enter. Fleet Servs. & Leasing Co., No. DKC 07-3385, 2010 WL 1068146, at *25 (D. Md. Mar. 17, 2010); see also Order at 1–2, Jarvis v. United States, No. 17-763C (Fed. Cl. June 22, 2017), Docket No. 6; Mem. Op. Granting Def.'s Mot. for Summ. J. at 1 n.1, Jarvis v. Colvin, No. TMD 15-2226 (D. Md. Sept. 27, 2016), ECF No. 25; Mem. at 1, Jarvis v. Westfield Am., Inc., No. JKB-15-1808 (D. Md. Sept. 30, 2015), ECF No. 24; Mem. Op. at 5, Jarvis v. Grady Mgmt., Inc., No. PJM 13-3853 (D. Md. Jan. 22, 2015), ECF No. 86 (and cases cited therein).